IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| CHINEDUM NDUKWE, *et al.*, | : | Case No. 1:19-cv-888 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JAMES L. WALKER JR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiffs, Chinedum Ndukwe and Kingsley Consulting, LLC, initially filed this action in the Hamilton County, Ohio, Court of Common Pleas. Defendant James L. Walker, Jr., removed the case, asserting that there was diversity jurisdiction. (Doc. 1, at p. 2). In the action, Plaintiffs allege state-law claims of extortion, coercion, and intentional infliction of emotional distress against Defendants James L. Walker, Jr., J. Walker & Associates, LLC, Attorney Doe, Jane Doe, and John Doe (*See* Doc. 1-2 (Ex. A)).

This matter is before the Court on several motions. They are as follows: Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction (Doc. 6), Defendants' Motion to Strike Plaintiffs' Reply in Support of Their Motion for Remand, or in the Alternative, Motion to File a Sur-Reply (Doc. 13); Defendants James L. Walker, Jr. and J. Walker & Associates, LLC's Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, for a Transfer of Venue (Doc. 3), Defendants Jane Doe and Attorney Doe's

Motion to Dismiss, and Defendant John Doe's Motion for Judgment on the Pleadings (Doc. 4), and Plaintiffs' motion to expedite (Doc. 15).

The Court turns first to Plaintiffs' motion for remand. (Doc. 6). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (noting that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter"). That motion is dispositive of the Court's analysis.

## ANALYSIS

The Sixth Circuit has explained the requirements for diversity jurisdiction:

> The federal removal statute, codified at 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state. *See United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir.1992). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir.1993).

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The removing party bears the burden of proving the existence of federal jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir.2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549–50 (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir.1996)). A case may be remanded at any time prior to final

judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

In their motion for remand, Plaintiffs assert that diversity jurisdiction is lacking in this case because there is not complete diversity between the parties. Plaintiffs assert that both they and the Doe defendants are citizens of Ohio. (Doc. 6, at p. 2). Defendants oppose the motion for remand, arguing that for purposes of removal the citizenship of the Doe defendants is disregarded. (Doc. 10). Defendants assert: "As of the date this case was filed, and as of the date it was removed to this court, the Plaintiffs were citizens of Ohio and the only named defendants were citizens of Georgia. The other defendants were sued under fictitious names–John Doe, Jane Doe and Attorney Doe–so their citizenship is 'disregarded' for purposes of this analysis." (Doc. 10, at p. 5).

28 U.S.C. § 1441(b) states that for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." Here, however, the identity of the Doe defendants is known. They are represented by counsel in this action. Defendant John Doe has filed an Answer and a motion for judgment on the pleadings. (Docs. 2, 4). Defendants Attorney Doe and Jane Doe have filed a motion to dismiss. (Doc. 4). Further, Defendants Jane and John Doe are identified in Defendants James L. Walker, Jr. and J. Walker & Associates, LLC's Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, for a Transfer of Venue as the plaintiffs in *Jane Doe, et al., v. Ndukwe, et al.*, No. A1904449 — an action pending in the Hamilton County Court of Common Pleas. (*See* Doc. 3, at p. 2 n.3). A copy of the complaint in that action, which was filed on the same day as Plaintiffs' complaint in this case, is attached to Plaintiffs'

3

motion for remand. (*See* Doc. 6, at pp. 3, 8-17). Therein, Jane and John Doe identify themselves as residents of Butler County, Ohio. (*See* Doc. 6, at p. 9). Plaintiffs assert that Defendant Attorney Doe is also a citizen of Ohio. (Doc. 6, at p. 4). Defendants do not dispute that the Doe defendants are citizens of Ohio. (*See* Doc. 10).

Because the identities of the Doe defendants are known in this case, "it would be unfair to Plaintiffs to force them from their chosen state court forum into federal court by allowing Defendant[s] . . . to plead ignorance about the identity and citizenship of [these defendants]." *Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2559300, at *4 (W.D. Ky. June 25, 2008). *See also Harrison v. Allstate Indem. Co.*, No. 11-361-KKC, 2012 WL 1029437, at *2 (E.D. Ky. Mar. 26, 2012) (granting motion for remand where the plaintiff's "complaint provide[s] a description of a fictitious defendant in such a way that his identity could not be reasonably questioned.") (quoting *Musial*, 2008 WL 2559300, at *3).

Defendants also oppose the motion for remand by suggesting that the citizenship of the Doe defendants should be disregarded because the Doe defendants have been fraudulently joined as parties to this lawsuit. (*See* Doc. 10, at p. 19). Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999)). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. The removing party "must do more than simply articulate a basis for

4

dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulently joined." *Waterloo Coal Co. v. Komatsu Mining Sys., Inc.*, No. C2-02-560, 2003 WL 124137, at *2 (S.D. Ohio Jan. 9, 2003). "[T]he removing party must establish that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Id.* If a colorable argument in support of the claim exists, removal is improper, even if the defendant may ultimately prevail in state court. *Id.*

Defendants argue fraudulent joinder based on Plaintiffs' alleged failure to state a claim upon which relief can be granted against the Doe defendants. (*See* Doc. 10, at pp. 12-19). However, Plaintiffs assert identical claims against all Defendants and base Defendants Jane and John Doe's liability, at least in part, on the alleged conduct of Defendants Attorney Walker and Attorney Doe under an agency theory. (*See* Doc. 1-2, at p. 6). Defendants' arguments that Plaintiffs' claims fail to state a claim against the Doe defendants "manifestly [go] to the merits of the action as an entirety, and not to the joinder." *Simmons ex rel. Estate of Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 917 (S.D. Ill. 2004) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153–54 (1914)).

This Court has explained:

> where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court.

*MA Equip. Leasing I LLC v. Tilton*, No. 2:09-CV-880, 2010 WL 11538520, at *6 (S.D. Ohio Aug. 19, 2010) (quoting *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 1002 (S.D. Ill. 2006)

5

(internal quotation marks omitted)). Because Defendants' fraudulent-joinder arguments raise defenses common to all Defendants, they have not established fraudulent joinder. *See MA Equip. Leasing I LLC*, 2010 WL 11538520, at *6 (finding that "where defendants repeatedly assert a common defense as to all claims that is equally dispositive of all defendants, it cannot be said that [one defendant] was fraudulently joined to defeat diversity jurisdiction"); *see also Ohio ex rel. Joyce v. MERSCORP, Inc.*, No. 1:11-CV-2474, 2012 WL 1669883, at *2 (N.D. Ohio May 13, 2012) (declining to find fraudulent joinder where the defendants' argument that the plaintiff's claims were frivolous "applie[d] equally to both non-diverse Defendant . . . and the diverse Defendants").

In light of the Court's finding that remand is appropriate based on a lack of federal subject matter jurisdiction, *see* 28 U.S.C. § 1447(c), the Court does not reach Plaintiffs' alternative argument in their reply that removal is improper because neither Defendant J. Walker & Associates nor the Doe defendants consented to removal. (*See* Doc. 11, at pp. 3-5).

Finally, the Court addresses Plaintiffs' request for attorney's fees and costs. (*See* Doc. 6, at p. 6). "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court found Defendants' arguments in favor of removal to be

unpersuasive, the Court does not find that removal was objectively unreasonable. Plaintiffs' request for an award of attorney's fees is hereby **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction (Doc. 6) is **GRANTED.** Pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to the Hamilton County Court of Common Pleas for lack of federal subject matter jurisdiction. Plaintiffs' request for an award of attorney fees is **DENIED**. In light of the Court's Order **GRANTING** Plaintiffs' motion for remand (Doc. 6), the remaining motions before the Court, *i.e.*, Defendants' Motion to Strike Plaintiffs' Reply in Support of Their Motion for Remand, or in the Alternative, Motion to File a Sur-Reply (Doc. 13), Defendants Walker & Associates, LLC, and James L. Walker, Jr.'s, Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, for a Transfer of Venue (Doc. 3), Defendants Jane Doe and Attorney Doe's Motion to Dismiss, and Defendant John Doe's Motion for Judgment of the Pleadings (Doc. 4), and Plaintiffs' motion to expedite (Doc. 15) are **DENIED as moot.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br>
By: _____<br>
JUDGE MATTHEW W. McFARLAND